## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EVELYN DAVIS,** : | |
| **Plaintiff** : | |
| : | **CIVIL ACTION** |
| v. : | **NO. 14-3109** |
| : | |
| **OXFORD LAW, LLC,** : | |
| **Defendant** : | |

### ORDER

**AND NOW,** this 3rd day of December 2014, Plaintiff having failed to file a certificate of service with the Court within 14 days, as required by this Court's Order dated October 31, 2014,[1] and also having failed to show cause why this case should not be dismissed for failure to prosecute, as required by this Court's Order dated November 21, 2014, despite having been advised that failure to respond would result in dismissal of Plaintiff's case, it is hereby **ORDERED** that the case is **DISMISSED** for failure to prosecute.[2]

It is so **ORDERED**.

BY THE COURT:

/s/ Cynthia M. Rufe

_____
**CYNTHIA M. RUFE, J.**

---

[1] In her October 31, 2014 brief, Plaintiff asked the Court to find service was effectuated and to deny Defendant's Motion to Dismiss, or, alternatively, allow an extension of time to effectuate service. The Court could not find proper service on the record before it, but did allow additional time for service.

[2] In dismissing this case for failure to prosecute, the Court has considered the Poulis factors. Poulis v. State Farm Fire and Cas. Co., 747 F.2d 863, 868 (3d Cir. 1984). This case has been stalled by Plaintiff's failure to serve the Defendant, despite having been provided additional time to serve. Defendant is prejudiced by Plaintiff's failure to comply with Court order and Motions, as such inaction "frustrates and delays the resolution of this action." Metro Metals USA v. All-State Diversified Products, Inc., 2010 WL 1786593, at *2 (D.N.J. 2013). As evidence of dilatoriness, the Court notes that Plaintiff has now failed to comply with two Orders of the Court. As Plaintiff ignored the Court's Orders, despite an express warning that failure to comply could result in dismissal of its claims, the Court concludes that Plaintiff's failure to comply was not accidental but reflects an intentional disregard for the Court's instructions. As the case cannot proceed without service, and as Plaintiff has failed to comply with two court orders, the Court cannot contemplate an effective alternative sanction. Balancing these factors, the Court finds that dismissal without prejudice is an appropriate sanction for Plaintiff's failure to prosecute her claims.